### 7178

### WILLIS v. WHITTLE.

CHATTEL MORTGAGES.—The right of the mortgagee to seize mortgaged chattels after condition broken is a license coupled with an interest and cannot be revoked by mortgagor. Mortgagee by his agent may enter the premises of mortgagor against his objection and take possession of the mortgaged property if he can do so without a breach of the peace.

Before PRINCE, J., Barnwell, April, 1908. Affirmed.

Action by D. F. Willis against J. D. Whittle and Laurie Sprawls. From judgment on nonsuit, plaintiff appeals.

*Messrs. T. R. Morgan* and *Davis & Best,* for appellant, cite: *Actual notice:* 16 Ency., 790, 796. *Entry:* 1 Bouv. L. Dic., 223. *Breach of peace:* 1 Bouv. L. Dec., 223.

*Mr. R. C. Holman,* contra. No citations.

April 26, 1909. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. This is an appeal from a judgment of nonsuit in an action of damages for trespass.

The plaintiff gave the defendant, Whittle, a chattel mortgage over a horse. The mortgage contained the usual clause, authorizing the mortgagee, or his agent, to seize and sell the property, on default of payment of the debt, and

deduct from the proceeds of sale the costs and expenses of seizure, etc. The condition of the mortgage having been broken, the defendant, Sprawls, was appointed by the defendant, Whittle, as his agent, to seize the horse. Before the seizure, Sprawls went to plaintiff and demanded payment of the debt, and, on plaintiff's failure to pay, told him that he was going to seize the horse. Plaintiff objected to his doing so, without his taking out claim and delivery proceedings. Nevertheless, Sprawls went to plaintiff's house, during his absence, and told plaintiff's mother, who was living with plaintiff, that he had come to seize the horse. She told him that both her sons and her husband were absent from home, and that her son, the plaintiff, had instructed her to object to any one taking the horse, and she did object to his doing so. Notwithstanding her objection and the previous objection of the plaintiff, Sprawls went to the stable, took the horse out and carried him away. A few days afterwards, the plaintiff paid the balance due on the mortgage debt, and ten dollars, in addition, the amount charged by the defendants as the costs and expenses of collection and seizure, whereupon the defendants returned the horse to him. The plaintiff then brought this action to recover $1,000 damages for the alleged trespass in seizing the horse and compelling him to pay ten dollars, besides the mortgage debt, to regain possession of him.

There is no testimony tending to show that the charge of ten dollars was unreasonable. On the other hand, it showed that the plaintiff voluntarily paid it.

It is well settled that, after condition broken, the legal title to mortgaged chattels vests in the mortgagee. The right of the mortgagee to seize mortgaged chattels, after condition broken, is a license coupled with an interest, which cannot be revoked by the mortgagor. It is a part of the consideration of the mortgage, and to allow the mortgagor to revoke it would be a fraud upon the rights of the mortgagee, and would very much impair the value of chattel mort-

gages as securities. The right to seize carries with it, by necessary implication, the right to do whatever is reasonably necessary to make the seizure—including the right to peaceably enter upon the premises of the mortgagor.

There is one restriction, however, which the law imposes upon this right. It must be exercised without provoking a breach of the peace; and if the mortgagee finds that he can not get possession without committing a breach of the peace, he must stay his hand, and resort to the law, for the preservation of the public peace is of more importance to society than the right of the owner of a chattel to get possession of it. *Satterwhite* v. *Kennedy,* 3 Strob., 457; *Harris* v. *Marco,* 16 S. C., 578.

In this case there was no breach of the peace, and, as we have seen, the defendants had an irrevocable license to enter upon the plaintiff's premises to make the seizure. They did so in an orderly manner, and were not trespassers.

The judgment of the Circuit Court is affirmed.