W. T. FREEMAN v. GENERAL MOTORS ACCEPTANCE CORPORATION.

(Filed 11 October, 1933.)

**Sales I d—Whether assignee of conditional sales contract committed trespass in repossessing car held for jury in this case.**

While an assignee of a conditional sales contract on an automobile may peaceably repossess the car by going upon the purchaser's property in accordance with the terms of the contract after default in the payment of the purchase price in accordance with the agreement, where there is evidence that the agent intimidated the one in possession of the premises by loud, violent or abusive language, so that she yielded in order to avoid a breach of the peace, the question of whether the agent committed a trespass in the repossession of the car is for the jury, although the original entry may have been peaceable and lawful.

APPEAL by plaintiff from *Parker, J.,* at April Term, 1933, of WASHINGTON.

Civil action to recover damages for alleged forceable trespass.

On 28 May, 1931, the plaintiff purchased a Chevrolet sedan and executed to the seller and the General Motors Acceptance Corporation a conditional sales contract to secure deferred balance of the purchase price; said contract containing the following stipulation:

"Time is of the essence of this contract, and if the purchaser default in complying with the terms hereof, or the seller deems the property in danger of misuse or confiscation, the seller or any sheriff or other officer of the law may take immediate possession of said property without demand (possession after default being unlawful), including any equipment or accessories thereto, and for this purpose the seller may enter upon the premises where said property may be and remove same."

Default having been made in the payments as stipulated in the contract, an agent of the General Motors Acceptance Corporation went to the home of the plaintiff 27 July, 1931, and repossessed said automobile.

The plaintiff was not at home at the time. His wife was there with five small children. She testified: "I told him (defendant's agent) I heard my husband say he was going to make a payment on the car that morning, and that he could not get the car without seeing my husband, and he said he didn't have time to waste running around seeing people. . . . I would say his manner was rather harsh. . . . He did raise his voice somewhat from what he had been speaking. . . . When he left the porch, he went out to the car and called the other man and they pushed the car out and took it away. I had protested. There was nobody home but me and my children, the oldest of whom is about five years. There was no man on the premises."

9—205

From a judgment of nonsuit entered at the close of all the evidence, the plaintiff appeals.

*Zeb Vance Norman for plaintiff.*
*W. L. Whitley for defendant.*

STACY, C. J. That the defendant had the right, under its contract, peaceably to repossess the automobile is not questioned. *Jackson v. Hall,* 84 N. C., 489; *Hinson v. Smith,* 118 N. C., 503, 24 S. E., 541; *Moore v. Hurtt,* 124 N. C., 27, 32 S. E., 317; *Harris v. R. R.,* 190 N. C., 480, 130 S. E., 319; *Willis v. Whittle,* 82 S. C., 500, 64 S. E., 410; 24 R. C. L., 486.

Did its agent commit a trespass in repossessing the car? This is the only mooted point in the case. The trial court was of opinion that he did not, which position is strongly supported by the decision in *Willis v. Whittle, supra,* a South Carolina case practically on all-fours with the one at bar.

But it is the law of this jurisdiction that although an entry on lands may be effected peaceably and even with permission of the owner, yet if, after going upon the premises of another, the defendant uses violent and abusive language and commits such acts as are reasonably calculated to intimidate or lead to a breach of the peace, he would be liable for trespass *civiliter* as well as *crimiliter* (*S. v. Stinnett,* 203 N. C., 829, 167 S. E., 63), for "It may be, he was not at first a trespasser, but he became such as soon as he put himself in forceable opposition to the prosecutor." *S. v. Wilson,* 94 N. C., 839; *S. v. Earp,* 196 N. C., 164; *S. v. Tyndall,* 192 N. C., 559, 135 S. E., 451; *S. v. Davenport,* 156 N. C., 596, 72 S. E., 7; *S. v. Lawson,* 123 N. C., 740; *S. v. Hinson,* 83 N. C., 640.

Where there is such a show of force as to create a reasonable apprehension in the mind of the one in possession of premises that he must yield to avoid a breach of the peace, and he does so yield, this is a yielding upon force, and constitutes forceable trespass. *S. v. Pollok,* 26 N. C., 305; *S. v. Oxendine,* 187 N. C., 658, 122 S. E., 568.

The position is further supported by the decision in *Somers v. Credit Co.,* 201 N. C., 601, 160 S. E., 829.

The plaintiff's evidence was such as to carry the case to the jury. It is true, the defendant's agents testified to a contrary state of facts, but this was for the twelve.

Reversed.