FRANK McNEILL AND WIFE, BESSIE McNEILL, v. TERRY HALL AND C. E. SILVER.

(Filed 24 September, 1941.)

Conspiracy § 3—Retailers may agree, in absence of fraud or coercion, not to buy from salesmen selling goods to competitor.

The evidence, considered in the light most favorable to plaintiff, tended to show that defendant retail merchants agreed among themselves that they would not purchase goods from salesmen of certain wholesalers if such salesmen continued to sell to plaintiff, that they so notified the salesmen and gave them the choice of selling to defendants or to plaintiff, and that as a result plaintiff was unable to get necessary supplies and was forced to close his retail business. *Held:* In the absence of evidence of malice, fraud or coercion, defendants' motion to nonsuit was properly allowed, since defendants' endeavor to prevent plaintiff from getting merchandise to sell in competition with them in a peaceable manner was not unlawful and did not constitute an unlawful conspiracy or boycott in the absence of fraud or coercion.

APPEAL by plaintiffs from *Olive, Special Judge,* at April Term, 1941, of YANCEY.

This is an action by the plaintiffs to recover damages of the defendants for the reason that they, allegedly, "unlawfully, willfully, and maliciously combined and conspired, without right of justifiable cause, with malicious intent to boycott, injure and utterly destroy the business of the plaintiffs by coercing the packing and baking companies . . . and their salesmen and deliverymen to withdraw and withhold their beneficial business intercourse from the plaintiffs by the use of threats against said companies that unless they withdraw and withhold their business intercourse from the plaintiffs the defendants in concert would refuse to buy any of the merchandise offered for sale by said companies."

The evidence offered by the plaintiffs, when construed in the light most favorable to them, tended to show that the plaintiffs operated a

cafe in the village of Micaville, wherein they sold meals, sandwiches, bread, pies, soft drinks, and other articles usually sold in a cafe; and that they purchased meats, bread, pies, and perhaps other articles, from the salesmen of the baking and packing houses who regularly visited Micaville; that the defendants each operated a store in Micaville at each of which were sold at retail sandwiches, meat, bread, pies and possibly other articles sold at the plaintiffs' cafe, and that the defendants purchased meat, bread, pies and other articles from the same salesmen of the same baking and packing houses as did the plaintiffs; that the defendants agreed between themselves that if said salesmen continued to sell to the plaintiffs they, the defendants, would cease to buy from said salesmen, and so notified said salesmen; that as a result of this agreement and notice thereof to them said salesmen refused to further sell to the plaintiffs, and the plaintiffs, being unable to buy the necessary supplies therefor elsewhere, were forced to close their cafe, to their loss and damage.

When the plaintiffs had introduced their evidence and rested their case (C. S., 567), the defendants moved for a judgment as in case of nonsuit, which motion was allowed, and from judgment accordant with this ruling the plaintiffs appealed, assigning errors.

*Huskins & Wilson and Anglin & Randolph for plaintiffs, appellants.*
*Watson & Fouts for defendants, appellees.*

SCHENCK, J. The gravamen of the action alleged is a boycott of the plaintiffs' business. A requisite of any boycott is a conspiracy. Boycott is defined by Black's Law Dictionary (Second Edition) as "a conspiracy formed and intended directly or indirectly to prevent the carrying on of any lawful business . . ." A conspiracy is "an agreement between two or more individuals to do an unlawful act or to do a lawful act in an unlawful way." The determination of the defendants to decline to buy from the salesmen if they continued to sell to the plaintiffs was not an unlawful act. It was simply the exercise of the right they had to buy from or to refrain from buying from whomsoever they pleased. "If these acts are not wrongful or illegal, no agreement to commit them can properly be called an illegal and wrongful conspiracy." *S. v. Martin,* 191 N. C., 404, 132 S. E., 16.

In the absence of intimidation and coercion, and in a peaceable manner, a person has a right to endeavor to prevent other firms procuring certain articles to be sold in competition with the sale of the same articles by them in a given territory.

"It has been held that a combination of retail dealers in merchandise, which for a legitimate purpose interferes with another's right to buy

goods by persuasion or other peaceable means exerted against the sellers, does not amount to an actionable conspiracy, there being no intimidation or coercion." 15 C. J. S., Conspiracy, par. 12, p. 1020.

"It has been held in several decisions that the members of a combination may lawfully agree among themselves not to patronize any dealer who furnishes supplies of the description used by them to a person not a member thereof, and give notice of their intention so to do. The means used, it was said, are not unlawful and the combination not a boycott because the essential element of coercion is wanting, nor is there any element of fraud." 15 C. J. S., Conspiracy, par. 12, p. 1020. See, also, *Bohn Manufacturing Company v. Northwestern Lumbermen's Association* (Minn.), 21 L. R. A., 337; *Cote v. Murphy* (Pa.), 23 L. R. A., 135.

There was no evidence of coercion or fraud in the case at bar. In fact, the evidence tends to show that the defendant Hall told one of the salesmen, "You can sell to whoever you want to and I will buy from whomever I please"; and that defendant Silver stated that "he couldn't keep the salesman from selling to Mr. McNeill"; and in response to a question by one of the salesmen as to whether it would "be all right to sell the (plaintiffs') cafe," said, "It would be all right and to unload his truck (to the plaintiffs) as far as he was concerned, but he would know where he bought his meat from then on." Taken in the light most favorable to the plaintiffs the evidence tends to show only that the defendants, while conceding the salesmen's right to sell to the plaintiffs, gave notice of their intention to assert their right to purchase from whomsoever they pleased, and to withhold purchasing from the salesmen if they continued to sell articles to the plaintiffs to be used in competition with the defendants' legitimate business.

The salesmen, having been given their choice of continuing selling to the plaintiffs and losing their sales to the defendants or of continuing selling to the defendants and refusing to sell to the plaintiffs, chose the latter. The result of the defendants' action was to give this choice to the salesmen by giving notice that they would withhold their purchasing if the sales continued to their competitor. This, without any evidence of malice, fraud or coercion, did not give rise to the cause of action alleged.

The judgment of the Superior Court is

Affirmed.