MARY GREENWOOD POOLE v. THE STATE BOARD OF COSMETIC ART
EXAMINERS.

(Filed 15 April, 1942.)

**1. Mandamus § 1—**

*Mandamus* will lie only to compel the performance of a clear legal duty
at the instance of the party having a clear legal right to demand it.

**2. Mandamus § 2b—**

Discretionary powers may not be controlled by *mandamus*.

**3. Pleadings § 20—**

In determining the sufficiency of the complaint as against a demurrer,
the facts alleged will be taken as true.

**4. Cosmetologist § 2: Mandamus § 2a—Duty of examiners to issue certifi-
cate, upon proper showing, to cosmetologist practicing at time regula-
tory act was passed, is mandatory and not discretionary.**

The provision of sec. 20, ch. 179, Public Laws 1933, that a person who
had been practicing cosmetic art in North Carolina and who was practic-
ing such art at the time of the effective date of the statute, upon making
proper affidavit and complying with the provisions of the act as to physical
fitness and paying the required fee, "shall be issued a certificate of regis-
tration as a registered cosmetologist" prescribes a mandatory duty, and
the board of examiners has no discretionary power to refuse to issue the
certificate in such instance, and therefore a complaint in suit for *man-
damus* alleging full compliance with the provisions of the statute in this
respect and the refusal of the board to issue the certificate to plaintiff, is
not demurrable.

APPEAL by plaintiff from *Carr, J.,* at February Term, 1942, of WAKE.

Civil action in nature of *mandamus,* heard upon demurrer to com-
plaint.

Plaintiff in her complaint alleges in substance these facts:

(1) That prior to the enactment of the act to regulate the practice of
cosmetic art in the State of North Carolina, Public Laws 1933, chapter
179, she "practiced as a cosmetologist for reward and pay . . . and was
actually engaged in the practice of cosmetic art at the time of the effec-
tive date" of said act.

(2) That, in accordance with provisions of section 20 of the act that
all persons, who have been practicing cosmetic art in North Carolina,
and who were practicing such art at the time of the effective date of the
act, upon making affidavit to that effect, and complying with provisions
of the act as to physical fitness, and paying the required fee to the Board
of Cosmetic Art Examiners, required by said Act as amended, Public
Laws 1935, chapter 54; Public Laws 1941, chapter 234, are entitled to

certificate of registration as a registered cosmetologist, she applied in due time to the Board of Cosmetic Art Examiners for such a certificate.

(3) That pertaining to her application she filed with, and on forms prepared by the said Board of Examiners the "usual affidavits as to her competency and experience, tendered the application fee as required by the Board, and in all respects complied with the law pertaining to such matters," and that "the Board . . . unlawfully, arbitrarily, and without any just reason or excuse refused to grant the plaintiff her license as a registered cosmetologist to which she is justly entitled."

Upon these allegations plaintiff prays *mandamus,* and "for such other and further relief to which she may be entitled."

Defendants demur to complaint for that: (1) There is a misjoinder of parties defendant in that the individual defendants are not necessary or proper parties to the action, and (2) the complaint fails to state a cause of action in that it appears upon the face of it that the State Board of Cosmetic Art Examiners is a public board vested with *quasi-*judicial and discretionary powers in the issuance of license to applicants to practice cosmetology in this State.

Upon hearing below the court sustained the demurrer and dismissed the action.

Plaintiff appeals to the Supreme Court and assigns error.

*Thomas W. Ruffin and Clem B. Holding for plaintiff, appellant.*
*Jones & Brassfield for defendant, appellee.*

WINBORNE, J.   It is well settled in this State that *"mandamus* lies only to compel a party to do that which it is his duty to do without it. It confers no new authority.   The party seeking the writ must have a clear legal right to demand it, and the parties to be coerced must be under legal obligation to perform the act sought to be enforced." *Person v. Doughton,* 186 N. C., 723, 120 S. E., 481; *White v. Comrs. of Johnston County,* 217 N. C., 329, 7 S. E. (2d), 825, and cases there cited. See, also, *Harris v. Board of Education,* 216 N. C., 147, 4 S. E. (2d), 328; *Champion v. Board of Health, ante,* 96.   Discretionary powers may not be controlled by *mandamus.   Harris v. Board of Education, supra.*

Admitting the facts alleged in the complaint in the present action, which we must do in testing the sufficiency of a complaint challenged by demurrer, *Ins. Co. v. McCraw,* 215 N. C., 105, 1 S. E. (2d), 369; *White v. Comrs. of Johnston County, supra,* and numerous other cases, does the plaintiff have a clear legal right to demand of defendants as, and constituting the Board of Cosmetic Art Examiners the issuance to her of a certificate of registration as a registered cosmetologist?   If so, are defendants under legal duty to issue it?   The answer to each question is "Yes."

The Act to regulate the practice of cosmetic art in the State of North Carolina, Public Laws 1933, chapter 179, section 13, as amended by section 2, chapter 54 of Public Laws 1935, creates a board to be known as a State Board of Cosmetic Art Examiners to consist of three members to be appointed by the Governor. Section 20 of the 1933 Act, pertinent to case in hand, prescribes that "The procedure for the registration of present practitioners of cosmetic art shall be as follows: (a) Every person who has been practicing cosmetic art in North Carolina and who is practicing such art at the time of the effective date of this act upon making an affidavit to that effect, and complying with the provisions of this Act as to physical fitness, and upon paying the required fee to the Board of Cosmetic Art Examiners shall be issued a certificate of registration as a registered cosmetologist." The provisions of this section are available only upon applications filed prior to 1 January, 1942. Public Laws 1941, chapter 235, section 3.

Manifestly, it was the intention of the Legislature to prescribe a method by which those persons, who were then engaged in the practice of cosmetic art, might obtain certificates of registration for continuing in such practice without meeting the qualifications prescribed for those who thereafter enter. As to a person of former class, it must be made to appear to the Board of Cosmetic Art Examiners before a certificate of registration will issue that such person (1) has been practicing cosmetic art in North Carolina, and was so engaged at the time of the effective date of the Act, and (2) has complied with the provisions of the Act as to physical fitness, and (3) has paid the required fee to the Board. When these three facts exist the language of the Act is that such person "shall be issued a certificate of registration as a registered cosmetologist." The word "shall" as here used is mandatory, *Battle v. Rocky Mount,* 156 N. C., 329, 72 S. E., 354; *Davis v. Board of Education,* 186 N. C., 227, 119 S. E., 372, and no discretion lies in the Board of Cosmetic Art Examiners. However, of necessity, such Board must find the facts with respect to these requirements.

Applying these principles to the facts alleged in the complaint in hand, which are admitted by the demurrer, the existence of each essential fact is alleged. Therefore, the complaint is not subject to demurrer. Nevertheless, defendants may by answer challenge existence of such facts.

As to parties, the record fails to show joinder as defendants the individuals composing the Board of Cosmetic Art Examiners. Hence, the portion of demurrer relating thereto is not considered.

The judgment below is

Reversed.