L. A. MUSE v. W. F. MORRISON, POWELL DEWEESE, AB ROBINSON, CARY SMATHERS, W. L. SNYDER AND LLOYD SELLERS.

(Filed 26 September, 1951.)

1. **Conspiracy § 1—**

   An action for civil conspiracy lies when there is an agreement between two or more individuals to do an unlawful act or to do a lawful act in an unlawful way, resulting in injury inflicted by one or more of the conspirators pursuant to the common scheme.

2. **Conspiracy § 2—**

   Civil liability of conspirators is joint and several, and each conspirator is deemed a party to every act done by any of them in furtherance of the common design.

3. **Pleadings § 15—**

   Upon demurrer the facts alleged in the complaint will be taken as true.

**4. Conspiracy § 2: Pleadings § 19b—**

    A complaint alleging that defendants, the executive secretary of the State Board of Examiners of Plumbing and Heating Contractors, licensees of the Board, the town clerk and members of the board of aldermen, conspired together to drive plaintiff out of his work, trade and business, and alleging numerous wrongful acts maliciously and unlawfully done by certain of the alleged conspirators in furtherance of the common design, resulting in damage to plaintiff, *is held* not subject to demurrer for misjoinder of parties and causes.

VALENTINE, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Rudisill, J.,* at March Civil Term, 1951, of BUNCOMBE.

Civil action (1) to recover of defendants actual and punitive damages as result of various tortious acts committed against plaintiff as parts of a conspiracy to drive plaintiff, a journeyman plumber, out of his work, trade and business; (2) to restrain defendants from signing, issuing, directing the use of, or in any other way or manner prosecuting or issuing warrants or other process under Article 2 of Chapter 87 of General Statutes—G.S. 87-16 to G.S. 87-27, against plaintiff, and (3) "that the defendant be required to issue to plaintiff the license required under Article 2 of Chapter 87 of General Statutes—G.S. 87-16 to G.S. 87-27, and permitting him to work as a journeyman plumber"; all as expressed in his prayer for relief, heard in trial court upon demurrer to complaint.

Plaintiff alleges in his complaint, briefly stated, substantially the following: 1. That at the time of the grievances of which complaint is made (a) he was a journeyman plumber in the town of Canton, North Carolina, and elsewhere, working for an hourly or daily wage, and has so worked continuously for 32 or 33 years, earning a living for himself and family; and (b) defendants, W. F. Morrison was executive secretary of the State Board of Examiners of Plumbing and Heating Contractors, and W. L. Snyder was Town Clerk of the Town of Canton, and Powell Deweese, Ab Robinson, Lloyd Sellers and Cary Smathers were members of the Board of Aldermen of the Town of Canton, N. C., or licensee members of the Board of Plumbers and Heating Contractors.

2. That in 1936 the defendant W. F. Morrison "in an unlawful agreement and consort with certain of the other defendants, licensees, members of the State Board of Examiners of Plumbing and Heating Contractors doing business in the town of Canton, N. C., unlawfully, wantonly, recklessly, maliciously and corruptly conspired, confederated and agreed with said licensee members and defendants named herein to drive the plaintiff out of his work, trade and business as a plumber and out of the town of Canton, N. C., and Haywood County"—and "to injure and destroy" him "in his trade and business."

3. That, as a part, and in furtherance of said scheme, defendant W. F. Morrison, unlawfully and corruptly, (a) refused to issue license to plaintiff under the grandfather clause contained in the Plumbing and Heating Act,—Chapter 52 of Public Laws 1931, now G.S. 87-16 to G.S. 87-27, and (b) failed to pass plaintiff on examination directly contrary to the agreement and understanding plaintiff had with the legally constituted State Board of Examiners of Plumbing and Heating Contractors.

4. That as a part, and in furtherance of said scheme W. F. Morrison, acting for himself and in behalf of the other defendants, in some instances, and the defendants in others, unlawfully, willfully and maliciously instituted and pursued various criminal prosecutions, between 1936 and 1948, upon warrants charging plaintiff with violations of the provisions of said Plumbing and Heating Act, all of which have terminated favorably to him.

5. That also as a part of said unlawful conspiracy for the purpose aforesaid, W. L. Snyder, as Town Clerk of Canton, unlawfully refused plaintiff a privilege license, and to have his plumbing work inspected, and has been active in the wrongful and unlawful "prosecution and persecution."

6. That because of the unlawful, malicious, willful and corrupt acts of defendants, plaintiff has been injured and damaged in his character, reputation, business, work, trade and standing, etc. And he prays judgment against defendants in specific substantial sums for actual and punitive damages.

The defendants, in apt time, filed a joint demurrer to the complaint, for that: (1) There is a defect of parties plaintiff and defendant; (2) several causes of action have been improperly joined; and (3) the complaint does not state facts sufficient to constitute a cause of action against defendants, etc.

The court, upon hearing the demurrer, being of opinion that the demurrer should be sustained for misjoinder both of parties and of causes of action, entered an order in accordance therewith, and dismissed the action.

Plaintiff appeals therefrom to Supreme Court and assigns error.

*Cecil C. Jackson for plaintiff, appellant.*

*T. A. Clark, Jones & Ward, and Walter R. McGuire for defendants, appellees.*

WINBORNE, J. Appellant challenges, and we hold properly so, the correctness of the decision of the court below as shown in the judgment from which this appeal is taken.

The declared purpose of this action is to recover damages for alleged injury to plaintiff allegedly caused by wrongful acts done by one or more of the defendants as a part of and in furtherance of an alleged conspiracy between defendants "to drive the plaintiff out of his work, trade and business as a plumber and out of the town of Canton, N. C., and Haywood County."

"A conspiracy is generally defined to be 'an agreement between two or more individuals to do an unlawful act or to do a lawful act in an unlawful way.'" *S. v. Dalton,* 168 N.C. 204, 83 S.E. 693; *S. ex rel. Swann v. Martin,* 191 N.C. 404, 132 S.E. 16; *McNeill v. Hall,* 220 N.C. 73, 16 S.E. 2d 456; *Holt v. Holt,* 232 N.C. 497, 61 S.E. 2d 448.

In the *Holt case, supra,* in opinion by *Ervin, J.,* this Court held that "to create civil liability for conspiracy, a wrongful act resulting in injury to another must be done by one or more of the conspirators pursuant to the common scheme and in furtherance of the common object. The gravamen of the action is the resultant injury, and not the conspiracy itself."

The liability of the conspirators is joint and several. That "Every one who does enter into a common purpose or design is equally deemed in law a party to every act which had before been done by the others, and a party to every act which may afterwards be done by any of the others in furtherance of such common design," as quoted by *Smith, C. J.,* in *S. v. Jackson,* 82 N.C. 565. See also *S. v. Anderson,* 208 N.C. 771, 182 S.E. 643; *S. v. Smith,* 221 N.C. 400, 20 S.E. 2d 360; *Mfg. Co. v. Arnold,* 228 N.C. 375, 45 S.E. 2d 577.

In the light of these principles, and admitting the facts alleged in the complaint, which we must do in testing the sufficiency of a complaint challenged by demurrer, *Ballinger v. Thomas,* 195 N.C. 517, 142 S.E. 761; *Poole v. Bd. of Examiners,* 221 N.C. 199, 19 S.E. 2d 635, and numerous other cases, we are of opinion and hold that there is neither misjoinder of parties to the action nor misjoinder of causes of action alleged in the complaint. A conspiracy between defendants is alleged in the complaint. There are allegations that numerous wrongful acts were unlawfully, maliciously and corruptly done by certain of the alleged conspirators as a part of and in furtherance of the common object. (In this connection reference is made to the cases of *S. v. Ingle,* 214 N.C. 276, 199 S.E. 10, and *S. v. Mitchell,* 217 N.C. 244, 7 S.E. 2d 567, treating of the subject of journeyman plumber in relation to the provisions of G.S. 87-16 to G.S. 87-27). Moreover, it is alleged that plaintiff has been injured and is damaged as the result of the acts so done.

Whether plaintiff is able, in his proof, to make good the allegations of his complaint is of no concern now. But he is entitled to an opportunity to do so—a day in court.

The judgment below is
Reversed.

VALENTINE, J., took no part in the consideration or decision of this case.