WILLIAM D. REA, JR. v. UNIVERSAL C. I. T. CREDIT CORPORATION.

(Filed 19 September 1962.)

**1. Chattel Mortgages and Conditional Sales § 15—**

After default the mortgagee is entitled to possession of the mortgaged chattel and may seize and take possession of the chattel without legal process provided he may do so without provoking a breach of the peace.

**2. Actions § 4—**

The exercise of a legal right in a lawful manner cannot support an action either for punitive or compensatory damages.

**3. Chattel Mortgages and Conditional Sales §§ 15, 17—**

Where, after default, the mortgagee repossesses the chattel and sells it without advertisement as required by law, the mortgagor may recover the amount by which the value of the chattel at the time of its seizure exceeds the balance owing and secured by the conditional sale contract.

**4. Same—**

Where goods of the mortgagor are in the chattel at the time of its repossession by the mortgagee, the mortgagor is entitled to recover the value of such goods, and provision of the conditional sale contract that the mortgagor should give notice within 24 hours of claim for any articles taken which were not covered by the mortgage can have no application when the chattel is repossessed without knowledge of the mortgagor, since the mortgagor cannot be held to the duty of giving notice of a fact of which he had no knowledge.

Appeal by defendant from *Copeland, S.J.,* March 1962 Regular Term of Perquimans.

Plaintiff, on 5 March 1960, purchased from Portsmouth Motor Co. a 1955 Buick automobile. The sale was made in Virginia, where plaintiff was working. Part of the purchase price was paid in cash. The balance, payable in monthly installments beginning 5 April 1960, was secured by a "Virginia Conditional Sale Contract." This contract and the debt thereby secured were assigned to defendant.

Plaintiff paid his monthly installments through December 1960 but did not make subsequent payments. The contract specified notices should be given mortgagor by mail addressed to him at 4800 Old Deep Creek Boulevard, Portsmouth, Va., and further provided defendant "may, without notice or demand for performance or legal process, enter any premises where the car may be found, peaceably take possession of it and custody of anything found in it . . ."

Sometime in June plaintiff carried the automobile to his home at Belvedere, Perquimans County. He left it parked, with the doors locked, on his front lawn some sixty feet from the highway. Plaintiff returned to work in Virginia. Late in June or early in July plaintiff's wife and children went to Plymouth to visit relatives.

On the afternoon of 3 July 1961 an agent of defendant went to Belvedere to take possession of the Buick. He saw the car parked on plaintiff's front lawn. Failing to find anyone at home, he inquired of a neighbor as to the whereabouts of plaintiff's family. He was informed they were away. He thereupon, by use of a coat hanger, managed to unlock the car door and had the car carried away by a wrecker he had employed for that purpose.

Prior to July defendant had demanded payment of installments then due. Plaintiff, at that time, in response to defendant's statement that it would take possession of the car, said: "When you come after my automobile, be sure and bring legal papers showing it is legal for you to take my car." This conversation occurred in Virginia.

Plaintiff alleged the seizure of the automobile was wrongful because of the manner of taking, that defendant had converted the automobile and some tools and other personal property in the car to its use. He alleged damages on account of the conversion of the tools in the sum of $650, actual damages on account of the conversion of the car in the sum of $2500, and punitive damages for the conversion of the car in the sum of $2500.

Defendant admitted taking the car, asserting its right to do so under the mortgage. It denied that it took any tools or property not covered by the sales contract. It did not and does not contend that in selling the car it complied with the North Carolina statutes with

respect to advertisement and sale. It pleaded the unpaid balance owing it as a counterclaim.

The jury found defendant wrongfully seized the automobile; it was worth $500 in September when defendant converted it; plaintiff was entitled to $650 as compensatory damages and $1000 as punitive damages for the wrongful seizure. It found the balance owing on the purchase price to be $466.20.

The jury was instructed that the sum awarded as compensatory damages would include the value of any tools converted and inconvenience occasioned by the loss of use of the automobile.

The court rendered judgment for plaintiff for the sums fixed by the jury less the balance of the purchase price. Defendant excepted and appealed.

*Walter G. Edwards and John H. Hall for plaintiff appellee.*
*Blanchard and Farmer for defendant appellant.*

RODMAN, J.   Does the evidence suffice to warrant a finding that defendant wrongfully took possession of the automobile? If not, the court erred in submitting the first issue to the jury.

Until modified by statute, G.S. 45-3.1, a mortgagee of chattels or his assignee was, in the absence of an agreement to the contrary, entitled to possession of the mortgaged property even prior to a default. *Grier v. Weldon,* 205 N.C. 575, 172 S.E. 200.

After default a mortgagee is entitled to possession of the mortgaged property and he may exercise that right without process of law provided he does so peacefully. *Freeman v. Acceptance Corp.,* 205 N.C. 257, 171 S.E. 63. Where, as here, the mortgage contains an express provision authorizing mortgagee to peacefully enter the premises of mortgagor and take possession, such entry and taking is not wrongful. The law is, we think, well stated in *Willis v. Whittle,* 82 S.C. 500, 64 S.E. 410. *Hydrick, J.,* there said: "It is well settled that, after condition broken, the legal title to mortgaged chattels vests in the mortgagee. The right of the mortgagee to seize mortgaged chattels after condition broken is a license coupled with an interest, which cannot be revoked by the mortgagor. It is part of the consideration of the mortgage, and to allow the mortgagor to revoke it would be a fraud on the rights of the mortgagee, and would very much impair the value of chattel mortgages as securities. The right to seize carries with it by necessary implication the right to do whatever is reasonably necessary to make the seizure, including the right to peaceably enter upon the premises of the mortgagor. There is one restriction, however, which the law imposes upon this right. It must be exercised without provok-

ing a breach of the peace; and, if the mortgagee finds that he cannot get possession without committing a breach of the peace, he must stay his hand, and resort to the law, for the preservation of the public peace is of more importance to society than the right of the owner of a chattel to get possession of it." The right of a chattel mortgagee to take possession of property without legal process is the subject of an annotation appearing 57 A.L.R. 26. Here the evidence fails to disclose any conduct on the part of defendant or its agents when it went on plaintiff's property to take the automobile which would tend to constitute a breach of the peace.

The exercise of a legal right in a lawful manner cannot support a claim for either punitive or compensatory damages. The court erred in permitting plaintiff to recover either compensatory or punitive damages resulting from the repossession of the automobile; but since the foreclosure sale was not advertised as required by law, plaintiff was, as the court held, entitled to have the jury fix the fair market value of the car when sold, and to recover the amount by which such value exceeds the balance owing and secured by the conditional sale contract.

Plaintiff alleged that he had in his automobile at the time it was taken certain tools which had a value of $650. These tools had not been returned to him. Defendant denied there was any such tools in the car at the time it took possession. It tendered an issue to determine its liability for such tools as might have been in the car at the time of seizure. Defendant argues here that it cannot be held liable for tools in the car when defendant took possession. This contention is based on a provision of the conditional sale contract obligating mortgagor "to send notice by registered mail to holder within 24 hours after repossession if Customer claims that any articles not included herein were contained in the car at the time of repossession, failure to do so being a waiver of and bar to any subsequent claim therefor." Manifestly the quoted provision can have no application to the facts of this case. The car was taken without the knowledge of plaintiff. It was taken on 3 July 1961. Plaintiff testified: "I next went back to my home in Belvedere about the third week in July. My car was not where I had left it. It was gone. I have never seen it since." Certainly it was never contemplated that the mortgagor should notify defendant of a fact unknown to plaintiff.

The issues submitted were not directed to and determinative of the question: Did defendant, when it took the automobile, also take and convert chattels not included in the mortgage? Plaintiff is entitled to have that question determined, and, if the jury answer in the affirmative, he is entitled to compensation based on the market value of such property.

New trial.