MAX BANE v. NORFOLK-SOUTHERN RAILROAD COMPANY.

(Filed 17 April 1963.)

**Easements § 8——  Use of easement which places additional burden on land gives owner right to additional compensation but is not a trespass.**

A railroad company having a right-of-way over plaintiff's land for its wooden trestle has a right, after the burning of the trestle, to enter upon the right-of-way and replace the trestle, and if the replacement of the trestle with an earth and concrete trestle places a heavier burden upon plaintiff's land by precluding access between plaintiff's lands on either side of the trestle, plaintiff's remedy is by a proceeding under G.S. 40-12, and the railroad company's act in replacing the trestle cannot constitute a trespass nor may the alleged acts of its employees in failing to negotiate in good faith and its failure and refusal to pay damages demanded give rise to a cause of action for conspiracy.

APPEAL by plaintiff from *Phillips, J.,* September 1962 Civil Term of WAKE.

The complaint alleges in substance the following:

On 7 July 1938 plaintiff became the owner of a tract of land in Raleigh Township, Wake County. At that time defendant Railroad Co. had "a railway line across his (plaintiff's) property which included in said land . . . is a parcel of land 130 feet in length and 65 feet in width." There was on this strip a "wooden railway trestle," which permitted "easy access by plaintiff from one portion of his property to another . . . by . . . . passing under the railway trestle." The trestle burned, and in 1954 "defendant entered upon the lands . . . and did erect thereon a complete trestle constructed of dirt and cement to such an extent that the passageway under and over plaintiff's land was completely condemned, acquired and used continuously since 1954 by the defendant" over the objection by plaintiff. Plaintiff demanded the payment of damages for the trespass and defendant through its agents has negotiated with defendant with respect thereto. Defendant has not negotiated in good faith and defendant's agents have "schemed, conspired and deceitfully . . . misrepresented to plaintiff of their actual intentions to pay the plaintiff for the wrongful trespassing upon his lands," and by such conspiracy the plaintiff has been deprived of his property since 1954, and plaintiff has been damaged by the continuing trespass. Defendant agreed in writing to convey to plaintiff in exchange for his land three tracts in Wake County. "The negotiations continued and that the defendant by and through its . . . agents . . . contracted and agreed to make the conveyances . . . up to and through the year 1960 and that the defendant at the present time fails and refuses to go through and carry out the terms and pro-

visions of the contract. . . . (P)laintiff has been ready, willing and able to carry out his part of the contract . . . and that defendant by and through its officials have illegally conspired, schemed and planned never to pay the plaintiff for the illegal trespassing." Plaintiff prays for actual damages, $10,000, and punitive damages, $10,000.

Defendant demurred on the grounds that the complaint does not state facts sufficient to constitute a cause of action, and, in the alternative, that there is a misjoinder of causes of action. The court sustained the demurrer on the first ground and dismissed the action.

Plaintiff appeals.

*E. Reamuel Temple for plaintiff appellant.*
*Simms & Simms for defendant appellee.*

PER CURIAM. At the hearing on the demurrer plaintiff "stated in open court that plaintiff does not seek any recovery for any alleged breach of contract, but only for trespass and conspiracy." Even so, the complaint does not allege that plaintiff agreed to an exchange of property within the time limited or ever offered to convey his property in exchange for other lands.

Stripped of conclusions the following facts are alleged: Defendant owned and was using a right of way for railroad purposes over plaintiff's land. Its wooden trestle, under which plaintiff passed from one part of his property to another, was destroyed by fire. Over plaintiff's objection defendant built a trestle of dirt and concrete which prevented plaintiff from passing under the railway. Plaintiff demanded damages and defendant negotiated with respect thereto, but has failed and refused to pay.

The allegations with respect to conspiracy are mere conclusions, and no facts are alleged which either tend to show a conspiracy or any damage to plaintiff from anything done which might have proceeded from a conspiracy. Moreover, it requires more than one individual or corporation to form a conspiracy. *Burns v. Oil Corporation,* 246 N.C. 266, 271, 98 S.E. 2d 339; *McNeill v. Hall,* 220 N.C. 73, 74, 16 S.E. 2d 456.

The facts alleged do not constitute a trespass by defendant on the lands of plaintiff. The railroad company had a right of way over plaintiff's land for its "railway line," had a right to enter upon its right of way and replace the burned trestle. If the construction of an earthen and concrete trestle placed a heavier burden on plaintiff's land than permitted by the terms of defendant's easement, plaintiff's remedy was by a proceeding under G.S. 40-12.

Affirmed.