ERVIN L. EVANS v. STAR GMC SALES AND SERVICE, INC., AND YELLOW MOTORS CREDIT CORPORATION.

(Filed 23 November, 1966.)

**1. Chattel Mortgages and Conditional Sales § 17—**

Where the assignee of a chattel mortgage and note securing same grants an extension of time for payment upon notification by the mortgagor that the chattel had had a breakdown in breach of the seller's warranty, but upon later default the mortgagor surrenders the vehicle to the assignee, who proceeds to foreclose and sell the vehicle under the terms of the instrument and in conformity with law, *held*, the foreclosure sale cannot constitute a legal wrong, and the mortgagor may not hold the assignee liable in damages regardless of motive, assignee not being a party to the warranty.

**2. Same; Conspiracy § 1—**

A complaint alleging that the seller and the assignee of the purchase money note secured by a chattel mortgage conspired to deprive the mortgagor of his interest in the chattel by foreclosure and sale after breach of the seller's warranty against major breakdown fails to state a cause of action for civil conspiracy when there is no allegation that the foreclosure and sale was not had after default and in strict conformity with law, since, in such instance, there is no allegation of wrongful act essential to a cause of action for civil conspiracy.

**3. Conspiracy § 1—**

An agreement to do a lawful act cannot constitute grounds for civil conspiracy regardless of the motives of the parties, since an action for civil conspiracy will lie only when there is damage resulting from an unlawful act done pursuant to an unlawful conspiracy.

**4. Same—**

Where the allegations are insufficient to state a cause of action for civil conspiracy as to one of the two alleged conspirators, the action for civil conspiracy must fail as to the other alleged conspirator, since a confederation of two or more persons is necessary to constitute a conspiracy.

APPEAL by plaintiff from *Johnson, J.*, at July 1966 Civil Term of WAKE County Superior Court.

This is a civil action to recover from defendant Star GMC Sales and Service (hereinafter referred to as Star) and defendant Yellow

Motors Credit Corporation (hereinafter referred to as Yellow Motors) for civil conspiracy in the wrongful conversion of a truck-tractor.

The plaintiff alleges that on 2 July, 1964, he purchased from Star a truck-tractor for $9,750.00, warranted against any major breakdown for a period of 6 months, and executed a conditional sales contract agreeing to pay $300.00 per month for a period of 35 months. Star assigned this contract to Yellow Motors.

Within the six-months warranty, on 15 November, 1964, the truck-tractor had a major breakdown while in the State of Florida. Plaintiff contacted Star concerning the breakdown and was informed that Star would tow the truck to Raleigh and make repairs. A month later Star informed plaintiff that he would have to tow the truck to Raleigh if he wanted the repairs made. Plaintiff delivered the truck to Star in Raleigh, but alleges that no repairs were made during the months of December, 1964, and January, 1965. Meanwhile he had also informed Yellow Motors of the breakdown and it had granted an extension of time to make payments. Yellow Motors later agreed to extend the time that plaintiff had to pay on the conditional sales contract upon the plaintiff paying the November, December, 1964, and January, 1965, interest payments which plaintiff did.

Since Star made no repairs plaintiff suggested and Star agreed that he would make them, Star agreeing to take a note for the parts at wholesale prices, but when the rebuilding was completed Star refused to turn the vehicle over to him unless he would get his mother to co-sign with him a note in the sum of $2,904.84. He attempted to deliver this note to Star but no official was available, so he left the note with a mechanic and drove the truck to Florida. Upon arriving there on 2 March, 1965, Yellow Motors demanded payment of the full balance and upon his failure to pay required the return of the truck to Greenville, N. C., where it was delivered to Yellow Motors.

The plaintiff being some six monthly payments in arrears, Yellow Motors advertised and sold the truck-tractor under the terms of the conditional sales contract.

Evans then instituted this action in which he alleges that the defendants conspired to deprive him of his interest in the truck by unlawful methods by repossessing and foreclosing under the conditional sales contract. He sought $19,000 in actual damages and punitive damages of $25,000. Each defendant demurred and upon adverse decision the plaintiff appealed.

*Davis & Brown, Bailey, Dixon & Wooten for plaintiff appellant.*
*Maupin, Taylor & Ellis and Frank W. Bullock, Jr., for defendant appellee, GMC Sales & Service, Inc.*

*Young, Moore & Henderson for defendant appellee, Yellow Motors Credit Corp.*

Pless, J.   Upon the demurrer of the defendants it is by operation of law admitted that Yellow Motors was the holder in due course of a conditional sales contract from plaintiff to Star, and that the plaintiff was some $1,800 in arrears, having made no monthly payment on the principal for several months. The plaintiff makes no claim that Yellow Motors warranted the truck-tractor and under the provisions of the assigned contract Yellow Motors was authorized to declare the entire balance due upon default in payment by plaintiff. This it did, proceeding with foreclosure which is not attacked for irregularity or failure to comply with the terms of the conditional sales contract. Neither is it claimed that the law of North Carolina pertaining to foreclosure of chattel mortgages was not observed. The consequence is that having done nothing unlawful Yellow Motors could not be liable to the plaintiff. "The exercise of a legal right in a lawful manner cannot support a claim for either punitive or compensatory damages." *Rea v. Credit Corp.*, 257 N.C. 639, 127 S.E. 2d 225.

The complaint refers to several alleged extensions of time granted him by Yellow Motors, but for the final extension no period of time is set forth and no consideration for that extension is alleged. The plaintiff's action in voluntarily driving the truck-tractor from Florida to Greenville, N. C., for the purpose of surrendering it to Yellow Motors at the latter point would indicate that he claimed no further rights under the alleged extension.

A conspiracy is an agreement between two or more persons to commit an unlawful act or to do a lawful act in an unlawful manner. *Burton v. Dixon*, 259 N.C. 473, 131 S.E. 2d 27; *Muse v. Morrison*, 234 N.C. 195, 66 S.E. 2d 783. An agreement to do a lawful act cannot constitute a conspiracy regardless of the motives of the parties and even if it could be shown that Yellow Motors agreed with Star that it would repossess the truck-tractor and forclose its lien, this did not constitute an unlawful agreement and, hence, not a conspiracy. The bare allegation of conspiracy is refuted by any reasonable interpretation of the complaint, and the case was properly dismissed as to Yellow Motors.

It follows that the allegation of conspiracy against Star must also fail, since two or more confederates are necessary to constitute

a conspiracy and, with Yellow Motors eliminated, Star had no one with whom to conspire.

We are of opinion that for the foregoing reason the action of the Court sustaining the demurrers was proper.

The plaintiff's cause of action is based entirely and exclusively upon an alleged civil conspiracy. We have therefore gone into that claim.

However, this decision is not to be construed as approving the plaintiff's position that had he established a conspiracy it would have given him a cause of action. There is no such thing as a civil action for conspiracy, as is fully stated in the recent case of *Shope v. Boyer*, 268 N.C. 401, ...... S.E. 2d ....... That case cites an excerpt from *Reid v. Holden*, 242 N.C. 408, 88 S.E. 2d 125; "The gist of the civil action for conspiracy is the act or acts committed in pursuance thereof — the damage — not the conspiracy or the combination."

This decision deals only with the matters presented by the pleadings in this cause. It will not preclude the plaintiff from pursuing any other cause of action he may have as to Star.

Affirmed.