Pearson, C. J.
 

 An unfortunate misunderstanding between two neighbors has originated a “new point” for the decision of the courts, and resort must be had to the analogies of the law.
 

 The attention of his Honor seems to have been confined to the question, whether there was any evidence that the plaintiff had given license to the defendant to remove the fence. We concur with him in the opinion that there was no evidence to support this allegation; for it must be taken as a matter of course that the plaintiff objected to the removal of the fence.
 

 But in deciding a case the court is bound to look at the whole record, and the whole case made . by the record and the evidence; and it is manifest that the plea “ not guilty ” of the trespass complained of presents the broad question: “ Upon the facts stated, can the plaintiff maintain an action of trespass
 
 vi et armis, quare clausum fregit ?”
 

 We are of opinion that the evidence set out by' his Honor did not make a case upon which the plaintiff could maintain the action, and that his remedy, if he had any cause of complaint after the defendant had given notice for the purp ose of putting an end to the agreement in regard to the dividing fence, was by action on the case in
 
 assumpsit.
 

 
 *364
 
 By the agreement the fence,
 
 a worm fence,,
 
 was to be built on the dviding East and West line. The rails were to be laid so that one-half of the ground-rail should be on plaintiff’s land, and the other half on that of the defendant Of course in such arrangements
 
 exactness
 
 is-not expected or required; and it so happened that for some poles near the western corner, the defendant, it being his part to make that portion of the fence, either because he did not know precisely where the line was, or in order to get a better location for the fence, placed the ground rail “
 
 altogether over on the plaintiffs land.”
 
 To this the plaintiff made no objection, and the legal effect was, that the defendant acquired possession Up to the turn of the fence; or, at-all events, acquired a
 
 joint
 
 possession with the plaintiff, just as he had in regard to that part of the land where the fence’ was exactly on the line. Whether he had an exclusive or a-joint possession, it is not necessary to determine; for, supposing it to be a joint possession, trespass
 
 vi et, armis
 
 does-not lia
 

 If one enters into the house or upon-the land of another by his permission, and afterwards does an act inconsistent with the agreement or license under which he entered, he cannot be treated as “ajuespasser
 
 ab-initio.”
 
 That fiction is confined to cases when the entry is allowed by law, as upon an entry into a tavern or store, so
 
 that
 
 analogy is against the plaintiff
 
 Six Carpenters' case,
 
 Coke’s Eeps. If a tenant at will or from year to year, after notice given, removes a fence or building which he had put on the land, trespass
 
 vi et armis
 
 cannot be maintained. The remedy is-an action
 
 on the case
 
 in the nature of a writ of waste; so-
 
 that
 
 analogy also is against the plaintiff.
 

 By laying the fence with his own rails, the defendant acquired either an exclusive or a joint possession of the land on which his rails were put, and of the land enclosed by the fence.
 

 
 *365
 
 Taking it either way, the plaintiff had not such a possession as enables him to maintain trespass
 
 vi et armis,
 
 unless the plaintiff can treat the defendant as a trespasser
 
 ah initio,
 
 which, as we have said, he cannot do.
 

 There is error.
 

 Per Curiam. Judgment reversed;
 
 Venire de novo.