STATE v. LUCILLE M. GOODSON, MRS. FLOSSIE MANN, AND
MRS. LONA MEADORS.

(Filed 27 February, 1952.)

**Assault § 14b—Evidence held to require submission of right of self-defense
and defense of relatives.**

> Prosecuting witness went to the home of his mother-in-law and forcibly
> carried his child from the house to his automobile, stating that he had a
> court order permitting him to have the child visit him. This prosecution
> for assault is based upon his affidavit charging an assault upon him by his
> wife, his mother-in-law and his aunt-in-law, made upon him as he was
> carrying the child to his car. The wife introduced testimony to the effect
> that her acts were in defense of herself and her child; the mother-in-law
> that her acts were in defense of her daughter and granddaughter; and the
> aunt-in-law that her acts were in defense of her niece and grandniece.
> *Held:* It was error for the court to fail to submit to the jury these defenses,
> since even though the prosecuting witness may not have been a trespasser
> in going upon the premises, his language and acts thereafter, if reasonably
> calculated to intimidate or lead to a breach of the peace, would constitute
> him a trespasser. G.S. 1-180.

APPEAL by defendants from *Armstrong, J.,* at September "A" Term,
1951, of BUNCOMBE.

Criminal prosecution upon three separate warrants issued out of justice
of peace court, upon affidavit of Claude F. Goodson charging Lucille M.
Goodson, Mrs. Flossie Mann and Mrs. Lona Meadors, respectively, with
assault upon him, consolidated for trial in Superior Court, with warrant
charging Claude F. Goodson with assault upon a female person, his wife.

The testimony of witnesses put on the witness stand both by the State
and the *feme* defendants tends to show that the alleged hostile activities
of Claude F. Goodson and the *feme* defendants centered around Judith
Ann Goodson, 8-year-old daughter of Claude F. Goodson and his wife,
the defendant Lucille M. Goodson, and granddaughter of the defendant
Mrs. Lona Meadors, and grandniece of the defendant Mrs. Flossie Mann;
that Claude F. Goodson and his wife were not living together,—that she
and her mother, Mrs. Meadors, lived together; that on 5 June, 1951,
about 6:30 p.m., Claude F. Goodson went to the home of his wife (she,
her mother Mrs. Meadors, her aunt Mrs. Mann, and her child Judith Ann
Goodson being there at the time), for the express purpose of getting the
child,—saying that he had an order of the court permitting him to have
the child visit him every other week; that he was admitted into the home
by his wife, Mrs. Goodson; that the child "started crying," and he caught
her and undertook to and did forcibly carry her from the house to an
automobile outside, in the course of which the alleged hostilities allegedly
transpired. A recital of the details would serve no useful purpose.

The testimony of defendant, Mrs. Goodson, tends to show that her acts were in defense of herself, and of her child.

The testimony of Mrs. Meadors is susceptible of the inference that her acts were in defense of her daughter, Mrs. Goodson, and her granddaughter, Judith Ann Goodson.

The testimony of defendant Mrs. Mann is susceptible of the inference that her acts were in defense of her niece and grandniece,—she being present in the home.

And the testimony offered by the *feme* defendants is susceptible of the inference that while Claude F. Goodson entered the home of his wife and his mother-in-law lawfully, his conduct therein was such as to constitute him a trespasser.

The case was submitted to the jury upon the question as to whether each of these defendants made an assault on Claude F. Goodson, without any reference to the principles of law relating to self-defense, or relating to right to fight in defense of family and habitation, or relating to trespass.

The verdict as to each defendant was guilty of simple assault.

Judgment as to each of the *feme* defendants: Confinement in the common jail of Buncombe County for thirty days, and assigned to do work in and about the county institutions as the county commissioners may direct. This prison sentence suspended on conditions stated.

Defendants except and appeal to the Supreme Court, and assign error.

*Attorney-General McMullan and Assistant Attorney-General Moody for the State.*

*Don C. Young for defendants, appellants.*

WINBORNE, J. The exceptions chiefly relied upon by appellants are directed to failure of the judge, in charging the jury upon the trial below, to "declare and explain the law arising on the evidence given in the case," in accordance with requirements of G.S. 1-180, as amended by 1949 Session Laws, Chap. 107, in respect to right of each of them to avail herself of the right to fight in defense of herself, her family and her habitation.

A careful consideration of the evidence shown in the record leads this Court to conclude that these exceptions, assigned as error, are well taken. See *S. v. Spruill,* 225 N.C. 356, 34 S.E. 2d 142, and cases there cited.

In the *Spruill* case it is said that the right of a person to defend his home from attack is a substantive right, as is the right to evict trespassers from his home. Also it is there stated that when in the trial of a criminal action charging an assault, or other kindred crime, there is evidence from which it may be inferred that the force used by a defendant was in

defending his home from attack by another, he is entitled to have evidence considered in the light of applicable principles of law; and, that in such event, and to that end, it becomes the duty of the court to declare and explain the law arising thereon, G.S. 1-180, formerly C.S. 564, and the failure of the court to so instruct the jury on such substantive feature is prejudicial error,—even though there be no special prayer for instruction to that effect—citing cases. See also *S. v. Ardrey,* 232 N.C. 721, 62 S.E. 2d 53.

What is said in the *Spruill case, supra,* is applicable to the case in hand.

Moreover, "it is the law of this jurisdiction," as stated by *Stacy, C. J.,* in *Freeman v. Acceptance Corp.,* 205 N.C. 257, 171 S.E. 63, "that although an entry on lands may be effected peaceably and even with the permission of the owner, yet if, after going upon the premises of another, the defendant uses violent and abusive language and commits such acts as are reasonably calculated to intimidate or lead to a breach of the peace, he would be liable for trespass *civiliter* as well as *criminaliter* (*S. v. Stinnett,* 203 N.C. 829, 167 S.E. 63), for 'it may be, he was not at first a trespasser, but he became such as soon as he put himself in forcible opposition to the prosecutor.' *S. v. Wilson,* 94 N.C. 839," citing cases.

The Court then defines forcible trespass. See also *Whitfield v. Bodenhammer,* 61 N.C. 362; *May v. Telegraph Co.,* 157 N.C. 416, 72 S.E. 1059, 37 L.R.A. (N.S.) 912; *Anthony v. Protective Union,* 206 N.C. 7, 173 S.E. 6.

Other assignments of error need not now be considered, as the matters to which they relate may not recur on another trial.

For error pointed out, let there be a

New trial.