STATE v. ELLEN MARIE DAVIS.

(Filed 18 March 1964.)

**1. Trespass § 12;   Constitutional Law §§ 20, 30—**

A person who, without permission or invitation, enters upon premises in the peaceful possession of another and who, after his presence is discovered and he is unconditionally ordered to leave by the one in legal possession, refuses to leave and remains on the premises, is a trespasser from the beginning, and may be convicted of violating G.S. 14-134, and such result does not violate any constitutional rights. Constitution of North Carolina, Article I, § 17; Privileges or Immunities, Due Process and Equal Protection Clauses of the Fourteenth Amendment to the Constitution of the United States.

**2. Same;   Innkeepers § 1—**

G.S. 72-1 has no application to a prosecution of defendant for trespass in refusing to leave a restaurant after she had been ordered to do so by the manager of the restaurant, notwithstanding that the manager also owned an adjacent motel, when there is no evidence that he operated or managed the motel, or that defendant ever applied for lodging at the motel.

APPEAL by defendant from *Parker, J.,* October Criminal Session 1963 of HALIFAX.

The defendant was tried upon a bill of indictment charging her with a violation of the provisions of G.S. 14-134, in that she unlawfully trespassed upon the premises of the Plantation Restaurant at Enfield, North Carolina. The restaurant is owned and operated by William R. Davis, the prosecuting witness, who also owns the Enfield Motel located about 50 feet north of the restaurant on the same side of Highway 301. The restaurant serves white people only and has a sign to that effect at the entrance thereof.

The State's evidence tends to show that the Plantation Restaurant is located about 65 feet from Highway 301 within the town limits of Enfield; that on the night of 6 August 1963 the defendant and other Negroes, approximately 35 in number, forced their way into the Plantation Restaurant through the back door and took seats at tables where white customers were being served. That around noon on 7

August 1963 the defendant, accompanied by approximately 35 other Negroes, approached the front entrance of the Plantation Restaurant, and the owner of the restaurant locked the front door. The defendant sat down on the floor mat in front of the door. The owner of the restaurant unlocked the front door and repeatedly requested the defendant and others to move away from the front door in order that his customers might enter the restaurant. He also requested them to leave the premises. Neither the defendant nor the other Negroes present paid any attention to the requests of the proprietor of the restaurant. Officers were called, and the request to the defendant and the other Negroes to leave the premises of the restaurant was again made in the presence of the officers, and upon the failure of the defendant and others to unblock the entrance to the restaurant and leave the premises, the defendant and others were arrested and charged with trespass.

The State's evidence also tends to show that on this occasion the defendant never requested service at the restaurant.

The defendant moved for judgment as of nonsuit at the close of the State's evidence. Motion denied. The defendant offered no evidence.

The jury returned a verdict of guilty as charged in the bill of indictment. From the judgment imposed, the defendant appeals, assigning error.

*Attorney General Bruton, Deputy Attorney General Ralph Moody for the State.*

*Theaoseus T. Clayton, W. O.. Warner, Samuel S. Mitchell, Floyd B. McKissick for the defendant.*

DENNY, C.J.   The appellant assigns as error the refusal of the court below to sustain her motion for judgment as of nonsuit.

The defendant contends that G.S. 14-134, which in pertinent part reads: "If any person after being forbidden to do so, shall go or enter upon the lands of another, without a license therefor, he shall be guilty of a misdemeanor," is unconstitutional by reason of conflict with Article I, Section 17 of the Constitution of North Carolina and the Privileges or Immunities, Due Process and Equal Protection Clauses of the Fourteenth Amendment to the Constitution of the United States; that said prosecution here rests upon an unlawful exercise of legislative power by a private citizen, to wit, the prosecuting witness. In other words, the defendant contends she has the inherent right to exercise the fundamental freedom to enter upon the premises of any private business which is open to the public generally, whether she is forbidden to do so or not, and any abridgment of that right is unconstitutional.

This Court, in *S. v. Clyburn*, 247 N.C. 455, 101 S.E. 2d 295, speaking through *Rodman, J.*, said: "Our statutes, G.S. 14-126 and 134, impose criminal penalties for interfering with the possession or right of possession of real estate privately held. These statutes place no limitation on the right of the person in possession to object to a disturbance of his actual or constructive possession. The possessor may accept or reject whomsoever he pleases and for whatsoever whim suits his fancy. When that possession is wrongfully disturbed it is a misdemeanor. The extent of punishment is dependent upon the character of the possession, actual or constructive, and the manner in which the trespass is committed. Race confers no prerogative on the intruder; nor does it impair his defense.

"The Fourteenth Amendment to the Constitution of the United States created no new privileges. It merely prohibited the abridgment of existing privileges by state action and secured to all citizens the equal protection of the laws. * * *

"* * * (I)t is apparent the Legislature intended to prevent the unwanted invasion of the property rights of another. *S. v. Cooke, supra* (246 N.C. 518, 98 S.E. 2d 885); *S. v. Baker*, 231 N.C. 136, 56 S.E. 2d 424. It is not the act of entering or going on the property which is condemned; it is the intent or manner in which the entry is made that makes the conduct criminal. A peaceful entry negatives liability under G.S. 14-126. An entry under a *bona fide* claim of right avoids criminal responsibility under G.S. 14-134 even though civil liability may remain. *S. v. Faggart*, 170 N.C. 737, 87 S.E. 197; *S. v. Wells*, 142 N.C. 590; *S. v. Fisher*, 109 N.C. 817; *S. v. Crosset*, 81 N.C. 579.

"What is the meaning of the word 'enter' as used in the statute defining criminal trespass? The word is used in G.S. 14-126 as well as G.S. 14-134. One statute relates to an entry with force; the other to a peaceful entry. We have repeatedly held, in applying G.S. 14-126, that one who remained after being directed to leave is guilty of a wrongful entry even though the original entrance was peaceful and authorized. *S. v. Goodson, supra* (235 N.C. 177, 69 S.E. 2d 242); *S. v. Fleming*, 194 N.C. 42, 138 S.E. 342; *S. v. Robbins*, 123 N.C. 730; *S. v. Webster*, 121 N.C. 586; *S. v. Gray*, 109 N.C. 790; *S. v. Talbot*, 97 N.C. 494. The word 'entry' as used in each of these statutes is synonymous with the word 'trespass.' It means an occupancy or possession contrary to the wishes and in derogation of the rights of the person having actual or constructive possession. Any other interpretation of the word would improperly restrict clear legislative intent. * * *"

In light of the foregoing decision and the authorities cited therein, we hold that where a person without permission or invitation enters

upon the premises of another, and after entry thereon his presence is discovered and he is unconditionally ordered to leave the premises by one in the legal possession thereof, if he refuses to leave and remains on the premises, he is a trespasser from the beginning.

Likewise, "it is the law of this jurisdiction that although an entry on lands may be effected peaceably and even with permission of the owner, yet if, after going upon the premises of another, the defendant uses violent and abusive language and commits such acts as are reasonably calculated to intimidate or lead to a breach of the peace, he would be liable for trespass *civiliter* as well as *crimiliter* (*S. v. Stinnett*, 203 N.C. 829, 167 S.E. 63), for 'It may be, he was not at first a trespasser, but he became such as soon as he put himself in forceable opposition to the prosecutor'." *Freeman v. Acceptance Corp.*, 205 N.C. 257, 171 S.E. 63.

The defendant further contends that her arrest and prosecution were violative of her rights under G.S. 72-1, which reads as follows: "Every innkeeper shall at all times provide suitable food, rooms, beds and bedding for strangers and travelers *whom he may accept* as guests in his inn or hotel." (Emphasis ours.)

There is evidence in the record to the effect that the prosecuting witness owned the Enfield Motel; however, there is no evidence in the record tending to show that the prosecuting witness operated or managed the motel. Furthermore, there is no evidence tending to show that the defendant ever applied for lodging at the motel. Therefore, we hold that G.S. 72-1 has no application to the facts in this case.

We further hold that the provisions of G.S. 14-134 do not conflict with Article I, Section 17 of the Constitution of North Carolina or with the Privileges or Immunities, Due Process and Equal Protection Clauses of the Fourteenth Amendment to the Constitution of the United States. *United States v. Harris*, 106 U.S. 629, 27 L. Ed. 290.

The evidence adduced by the State in the trial below was sufficient to carry the case to the jury and to support the verdict rendered.

The motion for judgment as of nonsuit was properly overruled.

We have examined the remaining assignments of error and they present no prejudicial error.

In the trial below, we find

No error.