BLOW ᴇᴛ ᴀʟ. *v.* NORTH CAROLINA.

No. 387.  Decided February 1, 1965.

*Jack Greenberg, Constance Baker Motley, James M. Nabrit III, Derrick A. Bell, Jr., Charles. L. Black, Jr., Samuel S. Mitchell* and *Floyd B. McKissick* for petitioners.

*T. W. Bruton,* Attorney General of North Carolina, and *Ralph Moody,* Deputy Attorney General, for respondent.

Pᴇʀ Cᴜʀɪᴀᴍ.

Petitioners, two Negroes, approached the Plantation Restaurant in the company of 35 to 40 other Negroes. This restaurant served whites only and carried a sign to that effect on its front door.  Pursuant to this policy the owner of the restaurant locked the door against the Negroes, though from time to time he would open the door to admit white customers and relock it after they

had entered. The restaurant was some 60 feet fròm the highway, the property between the restaurant and the highway being owned by the restaurant proprietor. The Negroes waited outside the door, some on a shrubbery box six or eight feet away, others up to 15 feet distant. The owner asked the Negroes to leave; but they continued to wait quietly outside until they were arrested. For this conduct petitioners were indicted and convicted for violation of § 14–134 of the North Carolina General Statutes, making it an offense to "go or enter upon the lands of another, without a license therefor" and "after being forbidden to do so." The Supreme Court of North Carolina affirmed petitioners' convictions on March 18, 1964. 261 N. C. 463, 135 S. E. 2d 14; 261 N. C. 467, 135 S. E. 2d 17.

The Plantation Restaurant is situated on Interstate Highway 301 in the town of Enfield, North Carolina. Adjoining the restaurant and owned by the same person is the Enfield Motel. The restaurant's menu and other advertising are posted in the rooms of this motel. The Plantation Restaurant and Enfield Motel are advertised on billboards for some miles up and down Highway 301. They are further advertised on the radio and in the newspapers.

Since these facts make it clear that the Plantation Restaurant "serves or offers to serve interstate travelers," it must be held that the restaurant is a "place of public accommodation" within the meaning of §§ 201 (b)(2) and (c) (2) of the Civil Rights Act of 1964.

"The Civil Rights Act of 1964 forbids discrimination in places of public accommodation and removes peaceful attempts to be served on an equal basis from the category of punishable activities. Although the conduct in the present cases occurred prior to the enactment of the Act, the still-pending convictions are abated by its passage." *Hamm* v. *City of Rock Hill, ante,* at 308. Accord-

ingly, the writ of certiorari is granted, the judgments are vacated, and the cause remanded for dismissal of the indictments.

*It is so ordered.*

MR. JUSTICE BLACK, MR. JUSTICE HARLAN, and MR. JUSTICE WHITE would affirm the judgments of the Supreme Court of North Carolina for the reasons stated in their dissenting opinions in *Hamm* v. *City of Rock Hill, ante,* at 318, 322, 327.

MR. JUSTICE STEWART would vacate the judgments of the Supreme Court of North Carolina and remand the case to that court for the reasons stated in his dissenting opinion in *Hamm* v. *City of Rock Hill, ante,* at 326.