**Vincent TOOMEY, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 3088.**

Supreme Court of Alaska.

August 4, 1978.

---

Robert Coats, Asst. Public Defender, Fairbanks, Brian Shortell, Public Defender, Anchorage, for appellant.

Steven J. Call, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, BURKE and MATTHEWS, Justices.

OPINION

RABINOWITZ, Justice.

Vincent Toomey appeals his conviction for robbery [1] on the ground that the superior court erroneously instructed the jury on the issue of self-defense.

The facts in this case were contested at trial. For purposes of review, we examine Toomey's version of the events in order to determine whether an issue of self-defense was presented.

On February 14, 1976, Toomey and two friends went to a bar and restaurant in Fairbanks known as the Sunset Strip. Toomey estimated that he consumed between two "six-packs" and a case of beer. His friends became involved in an affray with another patron and were evicted from the premises. Toomey left with his friends. Shortly thereafter, one of the friends returned to the bar and, when the friend did not emerge, Toomey re-entered. The bartender and the manager evicted Toomey and beat and kicked him.[2]

Toomey then appropriated an automobile which was idling in the parking lot and drove to his brother's residence where he obtained a .44 magnum revolver and a 45/70 rifle.[3] He then returned to the Sunset Strip. Toomey testified that by that time, he had decided merely to look for his friends.

Toomey was in the process of parking the vehicle when its owner, Patricia Bucher, and David Ensley, a friend of Bucher's, and an unidentified third individual appeared. Bucher demanded that Toomey get out of her car. Toomey said, "Well, don't get all shook, lady," and got out of the vehicle.

1. AS 11.15.240 provides:
 Robbery. A person who, by force or violence, or by putting in fear, steals and takes anything of value from the person of another is guilty of robbery, and is punishable by imprisonment in the penitentiary for not more than 15 years nor less than one year.
 The Grand Jury indictment charged Toomey with the following:
 That on or about the 14th day of February, 1976, at or near Fairbanks, in the Fourth Judicial District, State of Alaska, Vincent Patrick Toomey did wilfully, unlawfully and feloniously, by force and violence and by

putting Patricia A. Bucher in fear with a revolver, take from the person of said Patricia A. Bucher property of value, to-wit: A blue and white 1972 Chevrolet, Monte Carlo, Texas License DLJ194 valued at approximately $3,000.00.
Toomey was sentenced to five years imprisonment.

2. Toomey is unsure whether one of his assailants was the manager or the owner of the club.

3. Entry was effected by use of a key.

During this encounter, Bucher grabbed Toomey's parka and then entered her car.[4]

Ensley then ran at Toomey, raising what appeared to be a poolstick. Ensley testified that he intended to hit Toomey.[5] The third individual was also moving toward Toomey. At this time Toomey pulled out the revolver, pointed it at Ensley and ordered him to "hold it." Ensley and the third individual stopped where they were; Ensley dropped the poolstick case.

Toomey then pointed the revolver at Bucher and ordered her out of the car. She got out and, with Ensley and the third person, moved behind a nearby car. Toomey then got into Bucher's car and departed from the scene. Subsequently he was arrested by Alaska State Troopers asleep in the car at a restaurant parking lot, approximately a forty-five minute drive from Fairbanks.

 Although we do not pass upon the strength of Toomey's case, we think sufficient evidence was presented to the jury to

place in issue the question of self-defense.[6] While ordinarily one who provokes a difficulty forfeits the opportunity to claim self-defense,[7] it is established that where the initiator abandons his aggressive posture and then is subjected to an assault or attempted assault, the privilege of self-defense may be asserted.[8]

 From the testimony presented, a jury could have concluded that, when Toomey retook the car, he had abandoned his criminal activity and was in reasonable fear of attack collectively from Bucher, Ensley and the third individual,[9] and that escaping after seizing the car at gunpoint was a reasonable response. Accordingly Toomey was entitled to have the jury instructed as to the defense of self-defense.[10]

Toomey's sole specification of error in this appeal is that the superior court's instruction on self-defense impermissibly shifted the burden of proving self-defense on to him.[11] In the case at bar, the superior

---

4. Toomey was wearing the revolver beneath his parka when he got out of the car; the rifle remained in the forward section of the vehicle.

5. Although Toomey apparently believed it was a poolstick, Ensley testified that he intended to hit Toomey with a poolstick case.

6. The accused who asserts self-defense has the initial burden of coming forward with some evidence from which the fact finder might conclude there was justification for the act.

Once the trial court determines that sufficient evidence to raise the issue of self-defense has been introduced, it need only instruct the jury as to the elements of self-defense. *State v. Millet*, 273 A.2d 504, 508, 510 (Me.1971). *Cf. State v. Hickman*, 204 S.E.2d 718, 719 (N.C. 1974) (The defendant's evidence, even though contradicted by the state, raised an issue of self-defense. Whether the defendant's evidence is less credible than the state's evidence is an issue for the jury, not the trial judge); *State v. Todd*, 142 S.E.2d 154, 159 (N.C.1965) (Defendant's evidence in the case was sufficient to require the court to declare and explain the law of self-defense); *State v. Goodson*, 69 S.E.2d 242, 243 (N.C.1952) (Where evidence warranted inference of self-defense, defendants were entitled to an instruction); *State v. Browers*, 205 S.W.2d 721, 723 (Mo.1947) (Since there was evidence to show self-defense, it was the duty of the trial court to give a proper instruction).

7. *Gray v. State*, 463 P.2d 897, 908–09 (Alaska 1970).

8. *Id.* at 909–10. There is no evidence or argument that Bucher and her companions were attempting to effect a citizen's arrest.

9. Ensley was brandishing a poolstick case, Bucher was in close proximity to the rifle in the vehicle and had previously grabbed Toomey's parka, and the third individual was advancing when Toomey drew his revolver.

10. Any weakness or implausibility in the evidence supporting Toomey's story is not a relevant consideration. *Wilson v. State*, 473 P.2d 633, 638 (Alaska 1970) (Rabinowitz, J., dissenting) (the majority did not dispute this statement of law). *See also Brooke v. United States*, 128 U.S.App.D.C. 19, 24, 385 F.2d 279, 284 (1967).

11. Instruction 10, given over objection, was as follows:

The defendant has raised the matter of self defense, contending in effect that while he entertained at one time an intent and purpose to take the car of Patricia Bucher, and did in fact take said car, that he later returned the car and abandoned his intent and purpose to keep possession of said car and removed his person from the car, at which point in time he was confronted with danger to his person

court gave the following instruction as to the burden of proof:

The burden of proving every fact material and necessary to a conviction by competent evidence beyond a reasonable doubt is on the State and does not at any time or under any circumstance shift from the State.[12]

Despite the foregoing, Toomey contends that the superior court erred in its self-defense instruction because it informed the jury that:

The defense is ordinarily not available to a person who provokes a difficulty from which he attempts to extricate himself with excessive force unless there is a clear showing that such person abandons his initial purpose and retreats from the difficulty initially provoked and is placed in danger thereafter by an aggressive act of another.

 In our view, this portion of the trial court's self-defense instruction does not assign a burden of proof upon any party. The questioned language that there must be a "clear showing that such a person (who asserts self-defense) abandons his initial purpose . . . ," is merely a correct statement of one circumstance in which the defense is inapplicable. It does not remove from the state the burden of proving that there was no abandonment of purpose.[13]

We find we are in agreement with the Supreme Court of Maine's observations in *State v. Millett*, 273 A.2d 504, 508 (Me. 1971), where the court said that once it has concluded as a matter of law that the self-defense issue has been properly tendered,

the trial court need only instruct jury as to the elements of self defense. [The court] will have no occasion to speak of burden of proof other than to explain the State's burden of proving guilt beyond a reasonable doubt.

Affirmed.[14]

---

12. The court instructed, in part, that the state had to prove beyond a reasonable doubt the following:

1. That on or about the 14th day of February, 1976, at or near Fairbanks, Alaska, the defendant Vincent Patrick Toomey did wilfully, unlawfully, and feloniously take from the person of Patricia A. Bucher property of value;

2. That the alleged taking of property was against the will of Patricia A. Bucher and was taken from her person by force or violence or by putting her in fear; and

3. That the alleged taking away of the property was committed with the intent to steal.

The court instructed that this defense is available to a defendant who uses force to secure himself from danger only when such person is in a place he has a right to be, doing what he has a right to do. The defense is ordinarily not available to a person who provokes a difficulty from which he attempts to extricate himself with excessive force *unless there is a clear showing that such person abandons his initial purpose* and retreats from the difficulty initially provoked and is placed in danger thereafter by an aggressive act of another.

The defendant has admitted that he brandished a firearm and took the subject car. The State contends that the defendant did these acts with an intent and purpose of escaping the scene. The jury must decide which intent and purpose prevailed. If it determines that the defendant was in his mind motivated to do these acts under a compelling fear, the jury must further be able to find that the fear suffered was a reasonable fear under all the circumstances. (emphasis added)

in the form of a raised pool cue case in the hands of one David Ensley and defended himself from this danger by producing a firearm, and that he thereby brandished said firearm and fled in the car for the sole purpose of defending himself.

The law of self defense states generally that this defense is available to a defendant who uses force to secure himself from danger only when such person is in a place he has a right to be, doing what he has a right to do.

13. *See* note 6, *supra.*

Generally, in order for an accused who is the instigator of the affray to obtain the benefit of a self-defense instruction he has the obligation of producing some evidence that he did abandon his initial purpose and was thereafter placed in bodily fear. In this regard, the instruction is a correct statement of the law (although the use of the word "clear" was not required, nor was this questioned portion of the instruction in general required).

14. After the matter was submitted for decision, counsel for appellant advised that in his view the superior court labored under the misapprehension, at sentencing, that Toomey had been found guilty of AS 11.15.295 (use of a firearm during the commission of a robbery) rather than AS 11.15.240 (robbery). The minimum term of imprisonment for robbery is one year, and for the use of a firearm during a robbery the prescribed minimum is 10 years.

Since the matter was not previously raised in the superior court we decline to address the

BURKE, J., concurs.

BOOCHEVER, C. J., and CONNOR, J., dissent.

BURKE, Justice, concurring in the result.

In my view Toomey was not entitled to *any* instruction on his claim of self-defense. Assuming, *arguendo*, that Toomey had a right to defend himself against the threat posed by the advance of David Ensley and his unidentified companion, I fail to understand how that right would extend to his actions against Patricia Bucher, the victim of the robbery. *See State v. Banks*, 539 P.2d 173, 175 (Ariz.App.1975). As stated in *State v. Millett*, 273 A.2d 504, 511 (Me. 1971), "When the jury was permitted to consider the claim of self-defense at all, the defendant was accorded more than he was entitled to on the evidence presented."

Thus, I concur in the result agreed upon by my brothers Rabinowitz and Matthews.

BOOCHEVER, Chief Justice, with whom CONNOR, Justice, joins, dissenting.

I agree with the majority that, when Toomey retook the car, an issue was presented as to whether he had abandoned his criminal activity, was in reasonable fear of attack collectively from Bucher, Ensley and the third individual and as to whether escaping after seizing the car at gunpoint was a reasonable response. I also agree that Toomey was entitled to have the jury instructed as to the defense of self-defense. I would hold, however, that the court's instructions impermissibly shifted the burden of proving self-defense to Toomey.

The majority apparently agrees that, once the issue of self-defense was properly raised by the evidence, the state had the burden of proving the absence of self-de-

fense.[1] The trial court, however, instead of instructing the jury that the issue of self-defense had been raised by the evidence, instructed as follows:

> The defense is ordinarily not available to a person who provokes a difficulty from which he attempts to extricate himself with excessive force *unless there is a clear showing that such person abandons his initial purpose* and retreats from the difficulty initially provoked and is placed in danger thereafter by an aggressive act of another. (emphasis added)

Toomey's objection to this instruction was overruled, and his requested instruction indicating that the state had the burden of proving that the vehicle was not taken in self-defense was refused. The jury was instructed that there must be a "clear showing" of abandonment.[2] Obviously, the state could not have the burden of making such a clear showing as that would be directly against the state's interest. The jury could be left with no other impression than that Toomey had the burden of clearly showing that he had abandoned his initial purpose. I do not see how that impression could have been changed by the general instruction on burden of proof which was given earlier.

Despite the fact that self-defense was in issue, the burden of proof beyond a reasonable doubt remained on the state as to all elements of the offense.[3] Thus, the state had the burden of showing that Toomey had not abandoned his initial purpose and that he was not placed in a situation where he had a reasonable apprehension of imminent danger. As the court was requested by the defendant to instruct on this issue, in my opinion, it was error to refuse to give an

---

question. Nevertheless, upon receipt of this court's mandate, the matter can be brought to the attention of the superior court.

1. This is the majority rule regarding proof of self-defense. *See Mullaney v. Wilbur*, 421 U.S. 684, 702 n. 30, 95 S.Ct. 1881, 1891, 44 L.Ed.2d 508, 521 n. 30, *citing, State v. Millett*, 273 A.2d 504, 507–08 (Me.1971). *See also, State v. Carter*, 248 La. 730, 80 So.2d 420, 423 (1955); 43 A.L.R.3d 221, 237–39.

2. The majority in Footnote 13 apparently agrees that the word "clear" should not have been used by the trial judge. In my view, the majority disregards the likely effect of this portion of the instruction on the jury.

3. *See DeGroot v. United States*, 78 F.2d 244, 252–53 (9th Cir. 1935); *Drossos v. United States*, 2 F.2d 538, 539 (8th Cir. 1924).

instruction on the burden of proof as to the elements of self-defense.[4]

---

4. Toomey's attorney submitted written requested instructions pursuant to Criminal Rule 30(a).